IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–01815–REB–KMT

ANDREW R. SALDANA,

    Plaintiff,

v.

ATLAS PACIFIC ENGINEERING COMPANY,

    Defendant.

---

**RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Kathleen M. Tafoya**

    This is an action for national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 52 U.S.C. §§ 2000e, *et seq.* ("Title VII"). This matter is before the court on "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or in the Alternative to Require More Specific Pleading Pursuant to Fed. R. Civ. P. 10(b)" (Doc. No. 20, filed February 17, 2009).

**PROCEDURAL HISTORY**

    On August 13, 2008, Plaintiff sent a letter to the Court stating he wished to file a "motion against Atlas Pacific Engineering Co. for retaliation against [him]." (Doc. No. 2.) The Court received and date-stamped the letter on August 14, 2008. (*Id.*) In response, on August 19, 2008, Magistrate Judge Shaffer signed an Order directing the Clerk to commence a civil action and also directing Plaintiff to cure deficiencies. (Doc. No. 1.) Magistrate Judge Shaffer allowed the

Plaintiff thirty days either to pay the Court's filing fee, or to file a Motion and Affidavit to proceed pursuant to 28 U.S.C. § 1915, and to file a Title VII complaint. (*Id.*) The Order was filed and forwarded to Plaintiff on August 26, 2008. (*Id.*) Plaintiff was ordered to file a complaint within thirty days from the date of the Order, or his action would be dismissed. (*Id.*) Plaintiff did not respond to the Court's Order within thirty days, but instead, on September 26, 2008, Plaintiff filed his Motion and Affidavit to proceed pursuant to 28 U.S.C. § 1915 (Doc. No. 3), along with another document entitled "Affidavit," which also was accepted for filing on September 26, 2008 (Doc. No. 4). Magistrate Judge Boyd N. Boland, in response, issued a minute order on September 29, 2008, noting that Plaintiff had failed to submit his claims using an approved complaint form for Title VII actions and giving Plaintiff another thirty days to submit his claims on a court-approved form. (Doc. No. 5.) Magistrate Judge Boland's order warned Plaintiff that his action would be dismissed without further notice if there was no response within thirty days. (*Id.*)

Plaintiff did not comply with the Court's Order and filed nothing. Nevertheless, the Magistrate Judge issued another minute order on November 3, 2008, allowing Plaintiff a extension of another thirty days within which to submit a complaint on a court-approved form. (Doc. No. 6.) The Magistrate Judge again warned Plaintiff that his failure to comply would result in the dismissal of his case without further notice. (*Id.*) Again, Plaintiff did not comply. Without explanation, on December 10, 2008, the Magistrate Judge granted Plaintiff s Motion for Leave to Proceed *In Forma Pauperis* ("IFP") and stated that upon review of the "Affidavit" filed by the Plaintiff on September 26, 2008, "the Court will deem all deficiencies cured . . . ." (Doc.

2

No. 7.) The Magistrate Judge issued another minute order instructing the Clerk to construe Plaintiff's "Affidavit" filed on September 26, 2008, as a complaint and naming Atlas Pacific Engineering Company as the defendant. (Doc. Nos. 8.)

### STATEMENT OF THE CASE

In his "Affidavit," Plaintiff alleges he was wrongfully discriminated against because of his national origin. (Doc. No. 4 at 1.) He states in May 2006 he reported to human resources the actions of a co-worker who allegedly exposed himself to other co-workers. (*Id.*) Shortly thereafter, during Plaintiff's review, he was advised he would not be receiving a wage increase, partly due to his reporting of the exposure incident. (*Id.*) Plaintiff states that during his review he was advised by his supervisor of complaints received about him. (*Id.*) Plaintiff also alleges he never received overtime pay. (*Id.*) Plaintiff states on August 8, 2006, someone reported to human resources that he had threatened her, and on August 11, 2006, he was terminated. (*Id.*)

### STANDARD OF REVIEW

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### *2.     Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570) Plausibility, in the context of a motion to dismiss, means that the plaintiff pled

facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Twombly* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Ashcroft*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### *1.  Statute of Limitations*

Unless a Title VII plaintiff files suit within ninety days of receiving a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC"), he is foreclosed from bringing suit on the allegations made in the EEOC Charge of Discrimination.  42 U.S.C. § 2000-e5(f)(1). The ninety-day time limit starts to run on the date the plaintiff receives the EEOC notice of right to sue.  *Jackson v. Continental Cargo-Denver*, 183 F.3d 1186, 1189 (10th Cir. 1999).  The ninety-day time limit is strictly administered.  *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants"); *Million v. Frank*, 47 F.3d 385, 388 (10th Cir.1995) ("The existence of the relatively short filing period is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay . . . A plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute") (internal quotation marks and citation omitted); *Purrington v. University of Utah*, 996 F.2d 1025, 1031 (10th Cir. 1993) ("A knowing plaintiff has an obligation to file promptly or lose her claim").

It is undisputed that Plaintiff received his right to sue letter on May 30, 2008.  Therefore, Plaintiff had ninety days from May 30, 2008—until August 28, 2008—to file his complaint. Plaintiff sent his initial letter to the Court on August 13, 2008, and the letter was received and date-stamped by the Court on August 14, 2008.  (Doc. No. 2.)  Magistrate Judge Shaffer stated in

his order signed August 19, 2009, that Plaintiff had failed to file a Title VII Complaint. (Doc. No. 1.) However, notwithstanding the deficiencies, he directed the Clerk of Court to commence a civil action. (Doc. No. 1.) Moreover, in his order granting Plaintiff's *in forma pauperis* ("IFP") status, Magistrate Judge Boland noted that Plaintiff's August 14, 2008, letter "raises Title VII claims." (Doc. No. 7.) This court notes that the letter received by the Court on August 14, 2008, and the "Affidavit" which has been construed as a complaint filed on September 26, 2008, contain nearly identical allegations. (*See* Doc. Nos. 2, 4.) Under Fed. R. Civ. P. 3 "[a] civil action is commenced by filing a complaint with the court." A complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "lodged" documents are not "filed" and do not meet the requirements of Fed. R. Civ. P. 3 for the commencement of a Title VIII action (*see Baldwin County Welcome Center*, 466 U.S. at 149), in this case, the Magistrate Judge granted Plaintiff's IFP status and stated, "In light of the information provided in the Affidavit, the Court will deem all deficiencies cured . . . ." (Doc. No. 7.) Accordingly, this court finds the statute was tolled by Plaintiff's filing of his letter to the Court on August 14, 2008.

Additionally, the ninety day period is tolled while a motion to proceed *in forma pauperis* ("IFP") is pending before the district court. *See Jarrett v. U.S. Sprint Commc'ns Co.* 22 F.3d 256, 259 (10th Cir. 1994) ("Plainly, the statute of limitation is tolled while the IFP is pending."); *Namoko v. Milgard Mfg.*, 253 Fed. Appx. 729, 732 (10th Cir. 2007) (unpublished) ("[T]he limitations period is tolled in a Title VII case while an IFP application is pending before the district court." (citing *id.*)). The court construes Plaintiff's request to proceed IFP in his August

13, 2009, letter as a motion for IFP for the purposes of tolling the statute of limitations. Accordingly, Defendant's motion to dismiss based on the statute of limitations in properly denied.

*2.     Motion for More Specific Pleading Requirement*

In the alternative, Defendant seeks an order requiring Plaintiff to re-plead his claims on the Court-supplied form in separate-numbered paragraphs and separate statements in accordance with Rule 10(b).  Plaintiff, three times before, has been ordered to do so and has not complied.  Nevertheless, the Court has construed his Affidavit as a Complaint.  Upon review of the Affidavit, this court now finds that Defendant's motion is justified and is also necessary for the action to proceed.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that ""Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" be DENIED.  The court further

**ORDERS** that the Plaintiff file, **no later than thirty days from the date of this order**, an amended Title VII complaint using the Court's current form and complying with Fed. R. Civ. P. 10.  The Clerk of Court is directed to mail to Plaintiff a copy of the Title VII Complaint form along with a copy of this order.  The court further

**ORDERS** that if Plaintiff fails to file an amended complaint on the Title VII Complaint form provided by the Clerk or fails to comply with Rule 10, the court will recommend dismissal of Plaintiff's complaint without further notice.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th day of June, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge